BAILES, Judge.
This is an appeal by William E. De La Cruz, the co-owner of certain property which the plaintiff-appellee, Grady Kent, sought to purchase. A purchase and sell agreement was entered into between Grady Kent and William E. De La Cruz; however, the co-owner, Huey Mayronne, did not agree to the sale and refused to sign the agreement.
Suit was brought by plaintiff-appellee against both co-owners to enforce specific performance and, alternatively, for damages incurred by plaintiff because of the failure of the defendants to transfer title.
At the beginning of the trial plaintiff dismissed his suit against co-owner Huey Mayronne and pursued his action against defendant-appellant, William E. De La Cruz. The trial court rendered judgment denying specific performance but granted a money judgment in the amount of $4,618.00 in special damages and $1,918.13 as attorney fees. From this judgment the defendant has appealed. The plaintiff neither appealed nor answered the appeal. Therefore, the only issue of this appeal is the correctness of the judgment awarding damages and attorney fees. Specific performance is no longer an issue herein.
It appears that sometime before plaintiff contacted William E. De La Cruz regarding the purchase of the subject property he made an independent investigation of ownership in order to make contact with the owners. He visited the Jefferson Parish assessor’s office for this purpose. He learned that the owners were William E. De La Cruz and Huey Mayronne. He contacted Mr. De La Cruz about the purchase and ultimately Mr. Kent and his wife as well as Mr. De La Cruz signed the purchase and sell agreement; however, Mr. Huey May-ronne, the other co-owner, did not sign the agreement. Mr. Kent was aware of the fact that Mr. Mayronne had not signed. He stated, though, that he thought Mr. May-ronne was agreeable to the sale.
Prior to the time Mr. Kent became interested in the purchase of the property extensive fire damage had been incurred. The City of Gretna was insisting that the owners raze the damaged structures because of their unsightly appearance. The record is not clear as to which party initiated the removal of the debris from the property. It appears that both plaintiff and defendant were equally interested in clearing the property. The plaintiff’s interest was primarily that of getting possession of the property, and the defendant’s interest certainly being to avoid the expense about to be incurred if the City of Gretna should undertake the razing through public bids. At any rate Mr. De La Cruz did obtain from the City of Gretna the required permit *691 which he posted on the property. Immediately thereafter Mr. Kent, by utilizing certain hired assistance and heavy equipment, succeeded in clearing the property. Also, certain fill work was performed.
Aside from the expenses arising from the clearing, cleaning and backfilling of the property, plaintiff went to some expense in preparing to purchase the property. Even though he knew Mr. Huey Mayronne had not signed the purchase-sell agreement he insists that he was never informed that Mr. Mayronne was not going to come to the sale of the property. There is no showing that Mr. Kent was notified by Mr. De La Cruz that Mr. Mayronne was not in agreement with the sale of the property.
We find it was through the action of defendant-appellant in obtaining the permit for clearing the property and his inaction in not definitely advising the plaintiff that co-owner, Huey Mayronne, was not going to transfer his ownership in the subject property that caused the plaintiff to incur the expenses attendant to preparation for acquiring title and in the clearing of the debris from the lot and the fill work.
The defendant-appellant took the position that the plaintiff sought permission to clear the property for the salvage of the unconsumed building materials. The trial court chose to accept the position of the plaintiff. We find no reason to disturb this ruling. It was a credibility call on the part of the trial court and absent manifest error this ruling will not be disturbed. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The defendant presented the testimony of Mr. Tooley who related that he had both Mr. De La Cruz and Mr. Kent in his office and that he advised both parties that both co-owners and Mr. Kent would be required to sign the purchase and sell agreement before it would be a binding contract. The trial judge ruled that even though it was admitted without objection Mr. Too-ley’s testimony could not be used to vary, alter or add to the terms of a written contract. Both appellant’s and appellee’s briefs discuss this principle of law. Admittedly, this is the law. See Edwards v. State, 244 So.2d 69 (La.App. 1st Cir. 1971). Also, appellee cites Wendel v. Dixon Real Estate Company, 232 So.2d 791 (La.App. 4th Cir. 1970) for the well recognized principle of law that one may lawfully contract to sell property that he does not own and that his agreement to do so does not warrant the assumption that the contract cannot be complied with. The contract is as binding on the party who owns an individual interest as it is on the purchaser. '
These cases have no application to the decision in this case. None of these pronouncements support the basis for the plaintiff recovering the damages for the improvements made on this property. Plaintiff is entitled to recover for the reason to deny him recovery would result in an unjust enrichment of the defendant at the expense.of the plaintiff.
The courts have repeatedly recognized certain conditions must coexist for an award to be grounded on the principle of unjust enrichment. These conditions are: An enrichment, an impoverishment, a connection between the enrichment and impoverishment, no justification for the enrichment and impoverishment, and the lack of other adequate remedy. All five of these conditions or requisites are present here. See Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).
The plaintiff was moved to accomplish these improvements because he was led to believe he would be able to purchase the property. He was lulled into the belief that he would acquire title from the defendants; the defendant, De La Cruz, knew though that Huey Mayronne was not going to the sale. At the appointed time then even appellant De La Cruz did not appear at the sale.
We find no legal basis for the award of attorney fees. Unless the agreement between the parties or the law provides for payment of attorney fees none is due. See Chauvin v. LaHitte, 229 La. 94, 85 So.2d 43 (1956). It may be said that $434.00 of the $4,618.00 awarded as special damages was recoverable under the contract of purchase *692 and sell; the balance of the damages recovered is for clearing and razing the ruins of the building and for the fill work on the lot for which there is no contract or statutory basis for recovery of the attorney fees.
To the extent that recovery was allowed for attorney fees the award will be reduced.
Accordingly, the judgment is reduced to the sum of $4,618.00. As amended the judgment is affirmed at appellant’s cost.

AMENDED AND AFFIRMED.