SCHOTT, Chief Judge.
This is a suit by a real estate broker against a defendant who signed a listing agreement authorizing plaintiff to sell property which the defendant said she owned and had authority to list for sale when in fact defendant owned only a one-quarter interest in the property. The trial court dismissed plaintiffs suit on an exception of no cause of action and plaintiff has appealed. We reverse.
The law controlling the disposition of an exception of no cause of action is well settled. In order to determine whether a plaintiff is entitled to relief the court considers only the well pleaded allegations of fact in the petition and any documents made part thereof and determines whether these allegations taken as true provide plaintiff with a legal remedy. The plaintiff is entitled to a liberal interpretation of his petition when assailed by the exception and all doubt as to the merits of the exception is resolved against the defendant and in favor of plaintiff.
In the present case, defendant signed the agreement listing the property with defendant on January 28, 1993. The price was $135,000.00 hand the agreed commission was six percent of the sale price. On the face of the agreement defendant appears to be the sole owner of the property and in his petition plaintiff alleged that she initially represented to him that she was the owner. However, plaintiff further alleged that the property was in fact owned jointly by defendant and her brother each with a one-fourth interest and the Succession of their mother, Mrs. Ethel De Pass Saulny, with a one-half inter-esh
Because plaintiff and the purchaser he found took action to prevent the Succession from selling the property to a third party, the present suit was consolidated with the Succession proceedings in the trial court. The resulting entanglement of pleadings and issues in the two cases has the potential of confusing the issue now on appeal, but the only question before us is whether plaintiff has stated a cause of action against defendant in her individual capacity.
An owner of a partial interest in property cannot bind his co-owners in an agreement to sell, but he can bind himself to procure their agreement to sell or be liable for damages. Citizens Bank & Trust v. West Bank Agency, 540 So.2d 440, 442 (La.App. 1st Cir.1989), writ denied 542 So.2d 1381; Kent v. De La Cruz, 400 So.2d 689, 691 (La.App. 4th Cir.1981), writ denied 406 So.2d 609; Wendel v. Dixon Real Estate Company, 232 So.2d 791, 796 (La.App. 4th Cir.1970). In the present ease plaintiff is seeking damages on the basis of the agreement defendant signed. These cases support plaintiff’s claim notwithstanding the circumstances which make impossible a sale of the property to the purchaser he found.
Accordingly, the judgment appealed from is reversed and defendant’s exception of no cause of action is overruled. The case is remanded to the | atrial court for further proceedings. All costs of this appeal are assessed against defendant with remaining cost assessment to await the outcome of the case.

REVERSED AND REMANDED.